UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ADVANCED MARKETING SERVICES, INC,<br>Plaintiff, | ) ) ) | Case No. 04-CV-11547-WGY |
| | ) | |
| v. | ) | |
| | ) | |
| TENNESSEE VIRGINIA MULTIPLE LISTING SERVICE, INC.,<br>Defendant. | ) ) ) | |

## ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND JURY DEMAND OF TENNESSEE VIRGINIA MULTIPLE LISTING SERVICE, INC.

This matter arises from Advanced Marketing Services, Inc.'s attempts to collect money for services it never performed and which it fraudulently represented that it had the ability to perform inducing Tennessee Virginia Multiple Listing Service, Inc., to enter into agreement(s) with Advanced marketing Services, Inc.

### ANSWER

Tennessee Virginia Multiple Listing Service, Inc., answers the Complaint of Advanced Marketing Services, Inc., paragraph by paragraph as follows:

1.      Tennessee Virginia Multiple Listing Service, Inc. ("TVMLS") denies the allegations of Paragraph 1 of the Complaint.

2.      Tennessee Virginia Multiple Listing Service, Inc. ("TVMLS"), is without information or knowledge sufficient to admit the allegations contained in Paragraph 2 of Advanced Marketing Services, Inc.'s ("AMS") Complaint.

3.      TVMLS admits that it is a corporation duly organized under the laws of the state of Tennessee with a principle place of business at 2016 Hwy 75, Suite 1, Blountville, TN. TVMLS also admits that this action arises from a contract dispute between it and AMS. TVMLS denies any

all allegations of Paragraph 3 of the Complaint not specifically admitted.

4.    The allegation contained in Paragraph 4 contains an assertion of law beyond the knowledge of TVMLS to which no response is required. To the extent that a response is required, TVMLS denies the allegations of Paragraph 4 of the Complaint.

5.    The allegation contained in Paragraph 5 contains an assertion of law beyond the knowledge of TVMLS to which no response is required. To the extent that a response is required, TVMLS denies the allegations of Paragraph 5 of the Complaint.

6.    No responsive pleading is required as the Complaint speaks for itself.

7.    TVMLS denies the allegations of Paragraph 7 of the Complaint.

8.    TVMLS denies the allegations of Paragraph 8 of the Complaint, as there was no meeting of the minds due to the fraud perpetrated by AMS. Otherwise, Exhibit A speaks for itself.

9.    The purported contract, Exhibit A to the Complaint, speaks for itself. To the extent that the allegations in Paragraph 9 conflict with Exhibit A, TVMLS denies the allegations of Paragraph 9 of the Complaint.

10.    TVMLS denies the allegations of Paragraph 10 of the Complaint, as there was no meeting of the minds due to the fraud perpetrated by AMS. Otherwise, Exhibit B speaks for itself.

11.    TVMLS denies the allegations of Paragraph 11 of the Complaint.

12.    TVMLS denies the allegations of Paragraph 12 of the Complaint, as there was no meeting of the minds due to the fraud perpetrated by AMS. Otherwise, Exhibit B speaks for itself.

13.    TVMLS denies the allegations of Paragraph 13 of the Complaint.

14.    TVMLS denies the allegations of Paragraph 14 of the Complaint.

15.    TVMLS denies the allegations of Paragraph 15 of the Complaint. TVMLS further states that the February 23, 2004 letter from TVMLS's counsel speaks for itself, and terminates the

agreement between the parties.

16.    TVMLS admits that it sent a letter to AMS on March 3, 2004. TVMLS further states that the March 3, 2004 letter from TVMLS speaks for itself. TVMLS denies any allegations contained in Paragraph 16 of the Complaint not specifically admitted.

17.    TVMLS admits that AMS's counsel sent it a letter dated March 10, 2004. TVMLS states the March 10, 2004 letter speaks for itself. . TVMLS denies any allegations contained in Paragraph 17 of the Complaint not specifically admitted.

18.    TVMLS states that the March 10, 2004 letter of AMS's counsel speaks for itself. To the extent a responsive pleading is required; TVMLS denies the allegations of Paragraph 18 of the Complaint.

19.    TVMLS states that the March 10, 2004 letter of AMS's counsel speaks for itself. To the extent a responsive pleading is required; TVMLS denies the allegations of Paragraph 19 of the Complaint.

20.    TVMLS is without information or knowledge sufficient to admit the allegations contained in Paragraph 20 of the Complaint.

21.    TVMLS is without information or knowledge sufficient to admit the allegations contained in Paragraph 21 of the Complaint.

22.    TVMLS admits that it did not meet with AMS on March 25, 2004. TVMLS does not have information sufficient to admit or deny the remaining allegations contained in paragraph 22 of the Complaint.

23.    The March 29, 2004 letter of AMS's counsel speaks for itself. TVMLS denies any allegations contained in Paragraph 23 of the Complaint not specifically admitted.

24.    The May 20, 2004 letter of AMS's counsel speaks for itself. TVMLS denies any

allegations contained in Paragraph 24 of the Complaint not specifically admitted.

25.    TVMLS admits the allegations contained in Paragraph 25 of the Complaint.

## COUNT I
### (Breach of Contract)

26.    TVMLS realleges and reasserts its responses to Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.    TVMLS denies the allegations of Paragraph 27 of the Complaint.

28.    TVMLS denies the allegations of Paragraph 28 of the Complaint.

29.    TVMLS denies the allegations of Paragraph 29 of the Complaint.

30.    TVMLS denies the allegations of Paragraph 30 of the Complaint.

## COUNT II
### (Quantum Meruit)

31.    TVMLS realleges and reasserts its responses to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.    TVMLS denies the allegations of Paragraph 32 of the Complaint.

33.    TVMLS has no knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34.    TVMLS denies the allegations of Paragraph 34 of the Complaint.

35.    TVMLS denies the allegations of Paragraph 35 of the Complaint.

## COUNT III
### (Account)

36.    TVMLS realleges and reasserts its responses to Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.    TVMLS denies the allegations of Paragraph 37 of the Complaint.

## COUNT IV
### (Breach of the Covenant of Good Faith and Fair Dealing)

38.    TVMLS realleges and reasserts its responses to Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39.    TVMLS denies the allegations of Paragraph 39 of the Complaint.

40.    TVMLS denies the allegations of Paragraph 40 of the Complaint.

41.    TVMLS denies the allegations of Paragraph 41 of the Complaint.

42.    TVMLS denies the allegations of Paragraph 42 of the Complaint.

## COUNT V
### (M.G.L. c. 93A)

43.    TVMLS realleges and reasserts its responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.    TVMLS denies the allegations of Paragraph 44 of the Complaint.

45.    TVMLS denies the allegations of Paragraph 45 of the Complaint.

46.    TVMLS denies the allegations of Paragraph 46 of the Complaint.

47.    TVMLS denies the allegations of Paragraph 47 of the Complaint.

48.    TVMLS denies the allegations of Paragraph 48 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AMS's Complaint fails to state a claim against TVMLS for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

AMS's claims are barred by the doctrine of estoppel, waiver and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over TVMLS.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that AMS has suffered any damages, which TVMLS denies, AMS has failed to mitigate its damages.

## FIFTH AFFIRMATIVE DEFENSE

TVMLS does not conduct any business within the Commonwealth.

## SIXTH AFFIRMATIVE DEFENSE

No remedy in equity is applicable to this action.

## SEVENTH AFFIRMATIVE DEFENSE

AMS's claims are barred by the failure of consideration.

## EIGHTH AFFIRMATIVE DEFENSE

AMS is estopped from asserting its claims against TVMLS as a result of AMS's own actions and fraud.

## NINETH AFFIRMATIVE DEFENSE

AMS's claims are barred because AMS has been paid in full for actual services performed.

## TENTH AFFIRMATIVE DEFENSE

By its conduct, AMS has waived or released any and all claims against TVMLS.

## ELEVENTH AFFIRMATIVE DEFENSE

AMS's claims are barred because TVMLS's actions were lawful and justified.

## TWELFTH AFFIRMATIVE DEFENSE

If AMS has been damaged as alleged, which TVMLS denies, then said damages incurred by AMS were caused by its own acts and/or conduct, thereby barring or reducing any recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

TVMLS acted in good faith with respect to their decisions, determinations and other actions.

## FOURTEENTH AFFIRMATIVE DEFENSE

AMS may not recover from TVMLS as a result of AMS's own failure to render performance in accordance with contract terms.

## FIFTEENTH AFFIRMATIVE DEFENSE

AMS's claims barred by AMS's material breach of contract terms.

## SIXTEENTH AFFIRMATIVE DEFENSE

AMS's claims for a breach of M.G.L. c. 93A are barred because AMS has not met the statutory prerequisites to suit, TVMLS's conduct does not rise to the level necessary to sustain such a claim under that statute, nor has TVMLS engaged in any unfair or deceptive acts or practices.

## SEVENTEENTH AFFIRMATIVE DEFENSE

AMS's claims must be denied as a result of its own unfair and deceptive acts and practices.


WHEREFORE, TVMLS respectfully requests that this Court dismiss all counts against it, award TVMLS its costs and attorney's fees, and award all other relief that the Court deems appropriate.

## COUNTERCLAIM

1.    Tennessee Virginia Multiple Listing Service, Inc. ("TVMLS") is a duly organized corporation with principal place of business in Blountville, Tennessee.

2.    Upon information and belief, Advanced Marketing Services, Inc. ("AMS") is a duly organized corporation with principal place of business at 200 Cordwainer Drive, Norwell, Massachusetts.

3.    Internetmls.com, Inc. ("IMLS") was an organized corporation under the laws of Delaware, which was not registered to conduct business in Massachusetts until November 26, 2001.

IMLS merged into AMS on April 1, 2003.

4.    In or about 1998, TVMLS, was looking for a new multiple listing system service that would provide both on-line access and analysis of real estate listings and an off-line system whereby real estate date would be stored on the subscribers personal computer.

5.    AMS advertised that it was capable of providing both the on-line and off-line systems.

6.    In meetings with AMS, AMS assured TVMLS that it had, could provide and had the capability to provide an off-line system.

7.    This statement, that AMS could and would provide an off-line system was false, and AMS knew it was false.

8.    In reliance on the fraudulent misrepresentation that AMS could provide an off-line system, TVMLS entered into an agreement for both an off-line and on-line MLS system with AMS.

9.    AMS never provided an off-line MLS system.

10.    In detrimental reliance on AMS's false representation that it could provide an off-line MLS system, TVMLS entered into an agreement with and made payments to AMS.

11.    In or about October of 2001, AMS again assured TVMLS that it could provide an off-line MLS system.

12.    This representation that AMS could and would provide an off-line system was false, and AMS knew it was false.

13.    In reliance on this false representation that AMS could provide an off-line MLS system, TVMLS executed a purported modification to the original agreement, that also purported to assign the original agreement to IMLS.

14.    In detrimental reliance on AMS's false representation that it could provide an off-

line MLS system, TVMLS entered into an agreement with and made payments to IMLS.

15.    IMLS was not registered to do business in Massachusetts in October of 2001.

16.    AMS never signed the modification.

17.    In January of 2003, IMLS admitted that it had to go to a third-party for an off-line MLS system, the system did not work, and that IMLS was unable to provide an off-line MLS system.

18.    Accordingly, IMLS repudiated the delegation of duties under the agreement.

19.    The on-line services provided by AMS/IMLS never worked properly either.

20.    Search and prospecting functions often returned inaccurate or incomplete results.

21.    TVMLS made numerous complaints regarding agreed-upon functions that the on-line MLS system was supposed to provide and received reoccurring assurances that malfunctions in the system would be remedied.

22.    Many of the on-line functions never worked properly, but TVMLS relied on AMS/IMLS's constant assurances from 1999 to 2004 that the functions would be repaired and refrained from terminating its agreements with AMS/IMLS.

23.    In detrimental reliance on AMS/IMLS's assurances TVMLS continued to make payments to AMS/IMLS.

## COUNT I
### (Breach of Contract)

24.    TVMLS repeats and realleges the allegations contained in Paragraphs 1-23 of the Counterclaim as if fully set forth herein.

25.    By reason of the foregoing, AMS breached its agreement(s) with TVMLS, and TVMLS incurred damages as a direct and proximate result thereof.

## COUNT II
### (Fraud in the Inducement)

26.    TVMLS repeats and realleges the allegations contained in Paragraphs 1-25 of the Counterclaim as if fully set forth herein.

27.    By reason of the foregoing, AMS fraudulently induced TVMLS to enter into and continue agreement(s) with AMS directly and proximately resulting in damages to TVMLS.

## COUNT III
### (Misrepresentation)

28.    TVMLS repeats and realleges the allegations contained in Paragraphs 1-27 of the Counterclaim as if fully set forth herein.

29.    By reason of the foregoing, AMS made numerous fraudulent statements to TVMLS, with knowledge of their falsity and the intent that TVMLS rely on them.

30.    TVMLS reasonably relied on AMS's false statement to its detriment and proximately and directly suffered damages as a result of such reasonable reliance.

## COUNT IV
### (Restitution)

31.    TVMLS repeats and realleges the allegations contained in Paragraphs 1 through 30 of the Counterclaim as if fully set forth herein.

32.    By reason of the foregoing, AMS has wrongfully obtained the use and benefit of TVMLS's assets without adequate compensation to TVMLS. TVMLS was unjustly and improperly deprived of adequate compensation and will continue to be deprived unless TVMLS is compensated with monetary damages in the full amount of TVMLS's assets of which TVMLS was deprived.

33.    TVMLS thereby is entitled to monetary damages, orders of restitution, plus interest, plus other relief as appropriate.

## COUNT V
### (Unjust Enrichment)

34.     TVMLS repeats and realleges the allegations contained in Paragraphs 1 through 33 of the Counterclaim as if fully set forth herein.

35.     By reason of the foregoing, AMS has wrongfully obtained the use and benefit of TVMLS's assets without adequate compensation to TVMLS. TVMLS was unjustly and improperly deprived of adequate compensation and will continue to be deprived unless TVMLS is compensated with monetary damages in the full amount of any unjust enrichment of TVMLS as to any compensation or assets improperly received.

36.     TVMLS is entitled to monetary damages, plus interest, costs, and other relief as appropriate.

## COUNT VI
### (Violation of M.G.L. c. 93A, §§ 2 & 11)

37.     TVMLS repeats and realleges the allegations contained in Paragraphs 1-36 of the Counterclaim as if fully set forth herein.

38.     By reason of the foregoing, AMS intentionally committed unfair and deceptive acts in violation of G.L. c. 93A, §§2 and 11.

39.     These violations were knowing and willful.

40.     TVMLS has suffered damages as a direct and proximate result of AMS's violations of G.L. c. 93A §§ 2 and 11.

WHEREFORE, TVMLS respectfully requests that this court grant the following relief:

1.     AWARD TVMLS its damages on Counts I through VI of the Counterclaim;

2.     AWARD TVMLS multiple damages and attorney's fees on Count VI of the Counterclaim;

3.    AWARD TVMLS its attorneys fees and interest; and

4.    GRANT such other relief in favor of TVMLS as this Court deems appropriate.

### JURY DEMAND

**TVMLS demands a trial by jury on all counts of the Complaint and Counterclaim so triable.**

Defendant/Plaintiff-in-counterclaim

TENNESSEE VIRGINIA MULTIPLE
LISTING SERVICE, INC.,

By its attorneys,

Nancy M. Reimer, B.B.O. #555373
Nicholas A. Ogden, B.B.O. #644007
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA  02210
TELEPHONE:  (617) 406-4500
FACSIMILE:  (617) 406-4501

August 2, 2004

-12-

## CERTIFICATE OF SERVICE

I, Nicholas A. Ogden, hereby certify that on this 2nd of August, 2004 I caused a copy of the foregoing:

**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND JURY DEMAND OF TENNESSEE VIRGINIA MULTIPLE LISTING SERVICE, INC.**

to be mailed, postage prepaid to:


Christopher T. Meier, Esq,
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place
Boston, MA 02108


00845152

Nicholas A. Ogden