UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ADVANCED MARKETING SERVICES, INC.,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>TENNESSEE VIRGINIA MULTIPLE LISTING SERVICE, INC.,<br>　　　　　　　　Defendant. | Civil Action No. 04-cv-11547-WGY |

### ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF THE PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM, ADVANCED MARKETING SERVICES, INC., TO THE COUNTERCLAIM OF THE DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM, TENNESSEE VIRGINIA MULTIPLE LISTING SERVICE, INC.

NOW COMES the Plaintiff and Defendant-in-Counterclaim, Advanced Marketing Services, Inc. ("AMS"), and hereby responds to and answers the Counterclaim of Defendant and Plaintiff-in-Counterclaim, Tennessee Virginia Multiple Listing Service, Inc. ("TVM"), paragraph by paragraph, as follows:[1]

1.　AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.　AMS admits that it is a duly organized corporation with a principal place of business in Quincy, Massachusetts.

3.　AMS admits the allegations contained in this paragraph.

4.　AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

---

[1] AMS does not in this Answer address TVM's Answer, Affirmative Defenses or Jury Demand, included in the same pleading as the Counterclaim, nor does it address the unnumbered paragraph at the outset of that pleading, however, to the extent that any of these sections and/or paragraphs allege facts, such facts are expressly denied.

5. Assuming that "off-line solution" has the definition as provided for in the Original Contract between the parties dated December 28, 1998 (<u>Exhibit A</u> to AMS' Complaint), AMS admits the facts contained in this paragraph.

6. Assuming that "off-line solution" has the definition as provided for in the Original Contract between the parties dated December 28, 1998 (<u>Exhibit A</u> to AMS' Complaint), AMS admits the facts contained in this paragraph.

7. AMS admits to receiving some payments, and otherwise denies the allegations contained in this paragraph.

8. Assuming that "off-line solution" has the definition as provided for in the Original Contract between the parties dated December 28, 1998 (<u>Exhibit A</u> to AMS' Complaint), AMS admits that TVM entered into an agreement for both an off-line and on-line MLS system with AMS. AMS otherwise denies the allegations contained in this paragraph.

9. AMS denies the allegations contained in this paragraph.

10. AMS denies the allegations contained in this paragraph.

11. AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. AMS denies the allegations contained in this paragraph.

13. AMS admits that TVM executed a modification to the original agreement, and states that the document speaks for itself. AMS otherwise denies the allegations contained in this paragraph.

14. AMS admits that TVM entered into an agreement with and made payments to IMLS and/or AMS, however denies that any payments were made after that due for January of

2004 even though TVM users continued to use the system through at least April of 2004. AMS otherwise denies the allegations contained in this paragraph.

15. AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. Any document to which TVM refers in this Paragraph speaks for itself. AMS otherwise denies the allegations contained in this paragraph.

18. AMS denies the allegations contained in this paragraph.

19. AMS denies the allegations contained in this paragraph.

20. AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, AMS denies that any action or inaction on the part of AMS, its employees, or its agents caused or contributed to TVM users receiving inaccurate or incomplete results from search and prospecting functions.

21. AMS denies the allegations contained in this paragraph.

22. AMS denies the allegations contained in this paragraph.

23. AMS admits that TVM made payments to AMS and/or IMLS through that due for January of 2004. AMS otherwise denies the allegations contained in this paragraph.

## COUNT I

24. AMS realleges and reaffirms its responses as set forth in paragraphs 1 through 23 of this Answer, and incorporates them by reference herein.

25. AMS denies the allegations contained in this paragraph.

## COUNT II

26. AMS realleges and reaffirms its responses as set forth in paragraphs 1 through 25 of this Answer, and incorporates them by reference herein.

27. AMS denies the allegations contained in this paragraph.

### COUNT III

28. AMS realleges and reaffirms its responses as set forth in paragraphs 1 through 27 of this Answer, and incorporates them by reference herein.

29. AMS denies the allegations contained in this paragraph.

30. AMS denies the allegations contained in this paragraph.

### COUNT IV

31. AMS realleges and reaffirms its responses as set forth in paragraphs 1 through 30 of this Answer, and incorporates them by reference herein.

32. AMS denies the allegations contained in this paragraph.

33. This Paragraph makes legal conclusions, to which no response is required. To the extent that this Paragraph makes factual allegations, AMS denies such allegations.

### COUNT V

34. AMS realleges and reaffirms its responses as set forth in paragraphs 1 through 33 of this Answer, and incorporates them by reference herein.

35. AMS denies the allegations contained in this paragraph.

36. This Paragraph makes legal conclusions, to which no response is required. To the extent that this Paragraph makes factual allegations, AMS denies such allegations.

### COUNT VI

37. AMS realleges and reaffirms its responses as set forth in paragraphs 1 through 36 of this Answer, and incorporates them by reference herein.

38. AMS denies the allegations contained in this paragraph.

39. AMS denies the allegations contained in this paragraph.

40. AMS denies the allegations contained in this paragraph.

(Demand for Relief Counts 1-4)    To the extent that these Paragraphs assert factual allegations, such allegations are denied.

## AFFIRMATIVE DEFENSES

A. TVM's Counterclaim fails to state a claim against the defendant upon which relief can be granted.

B. TVM's Counterclaim is barred by operation of the applicable statute of limitations.

C. TVM is estopped from bringing its claims.

D. TVM's Counterclaim is barred by laches.

E. TVM has waived and/or released its Counterclaim.

F. TVM's Counterclaim is barred by the doctrine of unclean hands.

G. TVM's Counterclaim is barred by accord and satisfaction.

H. TVM's Counterclaim is barred by mutual mistake.

I. TVM's Counterclaim has been excluded and/or limited by contract.

J. To the extent that TVM has suffered any damages, which AMS expressly denies, TVM has failed to mitigate its damages.

K. TVM's Counterclaim fails for want of consideration.

L. TVM's alleged loss or damage was not caused by AMS or by anyone for whose conduct AMS is legally responsible.

M. TVM's Counterclaim is barred by AMS's course of conduct taken in good faith.

N. TVM's claims pursuant to G.L. c. 93A are statutorily barred in that the transactions in question did not take place primarily and substantially in the Commonwealth.

### JURY DEMAND

AMS demands a trial by jury on all Counts so triable.

Respectfully submitted,

The Plaintiff,
ADVANCED MARKETING SERVICES, INC.,

By its attorneys,

_____
Thomas Frisardi (BBO #552479)
Christopher T. Meier (BBO #640995)
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place
Boston, Massachusetts 02108
(617) 367-2500

Dated: September 7, 2004

I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL/HAND ON September 7, 2004

_____